# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LALEE GERATY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 06 cv 0815 |
| | ) | Judge Robert M. Dow Jr. |
| | ) | Magistrate Judge Susan E. Cox |
| NORTHEAST ILLINOIS REGIONAL COMMUTER | ) | |
| RAILROAD CORPORATION d/b/a METRA, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| NORTHEAST ILLINOIS REGIONAL COMMUTER | ) | |
| RAILROAD CORPORATION d/b/a METRA, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ABLE ACQUISITION CORPORATION | ) | |
| d/b/a AGLE ENGINEERING SERVICES; a | ) | |
| California Corporation; DELMONICO'S GOURMET | ) | |
| MARKET PRUDENTIAL, LLC, an Illinois Limited | ) | |
| Liability Company, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This discovery dispute arose when plaintiff Lalee Geraty ("Geraty") moved to compel Metra to produce a witness most knowledgeable about the surveillance of plaintiff, pursuant to Federal Rule of Civil Procedure 30(b)(6). This motion was filed after Metra responded that it did

1

not have any videotaped surveillance footage of Geraty. In a written response to the motion, Metra raised a work product objection to revealing anything about any surveillance of plaintiff. Metra claimed that if such surveillance had occurred, it was protected by that doctrine from discovery by Geraty.

Prior to the scheduled hearing on the motion, the parties had not met and conferred about their differences as required by Local Rule 37.2. This lack of a conference was particularly important in this dispute because, until the motion to compel was filed, it was unclear that Metra had asserted to Geraty's counsel that the work product privilege was the basis for its refusal to produce a witness pursuant to the notice. The Court also requested Metra to further advise the Court concerning the factual basis for its assertion that testimony (as opposed to the videotapes) was protected under the work-product doctrine.

The parties returned a week later and "agreed to disagree" about this dispute. However, the Court reminded Metra that it still had not informed the Court concerning the factual basis for its assertion of privilege and, therefore, did not rule on the motion. Following this hearing, Metra filed a memorandum in which it stated that, in early January 2007 (about a year after the Complaint herein was filed), Metra's outside counsel hired a private investigator to investigate Geraty. This investigation included surveillance on two days during which no photographs or videotapes were taken. The issue before the Court then is whether to permit a deposition of an investigator regarding surveillance conducted at the request of Metra's attorneys during litigation and in anticipation of a trial of this case. The answer, under the applicable case law, is clearly no.

Although there is no Seventh Circuit case on point, Judge Tinder, who currently sits on that court, wrote a detailed analysis of this issue while still a district judge and it is to that decision we

2

turn. In that case, *Fisher v. National Railroad Passenger Corp.,* 152 F.R.D. 145 (S.D. Ind. 1993), Judge Tinder primarily examined whether surveillance tapes of a plaintiff, which the defendant was not intending to use at trial, were discoverable or whether they were protected by the work-product privilege. As Judge Tinder noted, under Rule 26(b)(3), documents and things prepared in anticipation of litigation are protected from disclosure unless the party seeking disclosure "has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Fisher,* 152 F.R.D. at 156. He then ruled that plaintiff in that case had failed to meet that burden because he himself could testify about the nature and extent of his own injuries and the videotapes were not necessary to demonstrate these facts. *Id.*

In this case, of course, there are no videotapes, only potential testimony about what the investigator observed and inevitably communicated to Metra's attorneys. However, Judge Tinder in the *Fisher* case went on to rule that interrogatories requesting such information from an attorney-retained investigator were not permitted. Acknowledging that the work-product doctrine is limited to "documents and tangible things" and is not designed to prohibit discovery of mere facts from a witness, the court stated that the relevant inquiry was the difference between discovery that seeks "the contents of work product (prohibited) from one which inquires into facts unrelated to the work product (allowed)." *Id.* The court went on to prohibit discovery that, in its essence, was designed to inform the plaintiff of the substance of an investigator's report. The discovery device in that case was interrogatories and, here, is a deposition. But the rule remains the same; contents of surveillance reports prepared in preparation for trial are protected as work-product.

In this case, Geraty has not proffered a reason why this witness's testimony is relevant except

3

to state (in her original motion to compel) that her attorney "feels that they are entitled to the taking of this deposition." (Plaintiff's Motion to Compel, p. 2). The only purpose for this deposition that the Court can conceive is that Geraty's attorneys intend to ask the investigator about what he observed during his surveillance of plaintiff, facts which if sought by requesting the attorney-retained investigator's communications to Metra's counsel about those observations, would be protected by the work-product privilege. Further, Geraty has not told the Court why she has any need, let alone "substantial need," for this witness's testimony to prepare her case outside of her bald assertion that she "cannot adequately prepare for the trial of this case without the above-mentioned deposition." (Plaintiff's Motion to Compel, p. 2). As noted above, Geraty has not even made a convincing argument why this information is relevant.[1]

At the oral argument on the motion, counsel for Geraty urged the Court to follow the holding in *Alexander v. FBI*, 192 F.R.D. 12 (D.D.C. 2000) and allow the deposition of the investigator to go forward. In that case, however, the court recognized that the intangible mental processes of the attorney were just as protected from discovery when they were sought from an investigator as they would be if sought by the attorney herself. *Alexander*, 192 F.R.D. at 18. The court only allowed discovery from the investigator in so far as it requested the identities of those with whom the investigator spoke and whether he had received certain documents. In this case, Geraty already knows that she was surveilled, when that surveillance took place, and that the surveillance was requested by Metra's attorneys in preparation for trial of this case. What she does not know is what the investigator observed and then related to those attorneys. These issues raise enough of a work-

---

[1] Of course, if Metra intends to call this witness regarding the nature and extent of plaintiff's injuries, plaintiff would be entitled to this discovery. Metra does not intend to do so.

product concern to deny the motion to compel unless and until Geraty can demonstrate why the information she seeks is not protected by the privilege or why that privilege should be overcome.

Geraty's motion to compel is denied [dkt 122]. The case is set for further status on June 9, 2008 at 9:30 a.m.

**IT IS SO ORDERED.**

U.S. Magistrate Judge
Susan E. Cox

Date: May 19, 2008